

U.S. Department of Justice

Criminal Division

---

Washington, D.C. 20530

December 15, 2006

Steven Gruel, Esq.
655 Montgomery St.
Suite 1700
San Francisco, CA 94112

    Re:   <u>David Villongco</u>

Dear Mr. Gruel:

    This letter sets forth the full and complete plea offer to your client David Villongco (hereinafter referred to as "defendant"). This offer is binding only upon the Fraud Section, Criminal Division of the United States Department of Justice and the United States Attorney's Office for the District of Columbia (hereafter "the Government"), and will expire on December 20, 2006. Upon the execution of this letter by the parties, the letter itself will become the plea agreement. The terms of the offer are as follows:

    1. <u>Charges</u>. The defendant agrees to waive Indictment and plead guilty to a two count Information charging him with one count of conspiracy to defraud the United States (18 U.S.C. § 286) and one count of mail fraud (18 U.S.C. § 1341). It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged to be made before the Court by the defendant. The defendant agrees that the attached "Statement of the Offense" fairly and accurately describes the defendant's actions and involvement in the charged offense. During the plea hearing, the defendant will adopt the Statement of the Offense as a written proffer of evidence.

    2. <u>Potential penalties and assessments</u>. The defendant understands that the maximum sentences that can be imposed for the violations charged in the Information are: Count One: up to ten years' imprisonment and a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d); and Count Two: up to thirty years' imprisonment and a fine of not more than $1,000,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d). The combined maximum sentence is forty years' imprisonment and a fine of $1,250,000 or more, based upon a determination of pecuniary gain and loss. Notwithstanding the maximum sentences, the defendant understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u>, 2005 Edition (hereinafter "Sentencing Guidelines"). The defendant understands that his sentence, including the applicable sentencing

guideline range, will be determined solely by the Court, and the Government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. The defendant further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit the defendant's right to appeal an unlawful sentence.

3. <u>Forfeiture</u>. The defendant agrees to entry of a money judgment against him in the amount of $150,000, which amount constitutes the proceeds of the mail fraud offense to which he will plead guilty. The defendant will pay this money judgment at the time the guilty plea is entered by way of a certified check in the amount of $150,000 made out to the United States Marshals Service, in satisfaction of the money judgment, and which will constitute the total amount forfeitable from defendant as a result of the crimes to which he will plead guilty. In order to effectuate the forfeiture, the defendant agrees to the entry of a Consent Order of Forfeiture, a copy of which is attached hereto. The defendant warrants that he is the sole owner of the $150,000 being submitted to the United States and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the forfeiture of such money and property.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the plea agreement and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this plea agreement is subject to forfeiture as proceeds of illegal conduct and/or substitute assets for property otherwise subject to forfeiture.

4. <u>Defendant's Obligations</u>. The defendant agrees that he shall cooperate fully with the Government by providing truthful, candid, and complete information as to all matters within his knowledge concerning his wrongful conduct as well as any wrongful conduct involving others. The defendant understands that such cooperation will include:

    a.    Attending all meetings at which the Government requests his presence;

b. Providing to the Government, upon request, any document, record, or other evidence relating to matters about which the Government or any designated law enforcement agency inquires;

c. Testifying truthfully at any trial, hearing, or other grand jury or court proceeding if requested to do so by the Government; and

d. Bringing to the attention of the Government all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness.

5. At the time of the defendant's sentencing, the Government will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by the defendant to the Government. In addition, before sentencing, the Government will inform the departure committees of the United States Attorney's Office for the District of Columbia and the Fraud Section, Criminal Division of the United States Department of Justice of the full nature, extent and value of the cooperation provided by defendant to the Government. If the departure committees determine that the defendant has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the Government will file a motion pursuant to § 5K1.1 of the Sentencing Guidelines. The defendant understands that the determination of whether he has provided "substantial assistance" is within the sole and unreviewable discretion of the Government. The defendant further understands that the failure of the Government to file a "substantial assistance" motion is not a ground for him to move to withdraw his plea of guilty in this case.

6. The defendant understands and acknowledges that the Court is under no obligation to grant a Government motion pursuant to Section 5K1.1 of the Sentencing Guidelines as referred to in paragraph 5 of this agreement, should the Government exercise its discretion to file such a motion.

7. <u>Federal Sentencing Guidelines</u>. Although not binding on the Court, the parties agree that the 2005 Sentencing Guidelines apply as follows:

|     |                                                                     |     |
| --- | ------------------------------------------------------------------- | --- |
| (a) | Base Offense Level (§ 2B1.1)                                        | 7   |
| (b) | Loss greater than $7,000,000 and less than $20,000,000 (§ 2B1.1)    | 20  |
| (c) | Acceptance of Responsibility (§ 3E1.1)                              | -2  |
| (d) | Assistance (§ 3E1.1)                                                | -1  |

Adjusted Offense Level     24
(51-63 months)

8. The defendant understands that the Government will also seek a two level increase in the Adjusted Offense Level for deriving more than $1,000,000 in gross receipts from one or more financial institutions ("gross receipts enhancement") (§ 2B1.1). The defendant agrees not to seek any decrease in his adjusted offense level as set forth above, but reserves his right to oppose the Government's request for a gross receipts enhancement. The defendant further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines and that a sentence within the applicable guidelines range is reasonable. The Government also agrees not to seek an upward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines, except as described above. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

9. <u>Financial Arrangements</u>. The defendant agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $200 ($100 per count) to cover the special assessment, as required in Title 18, United States Code, Section 3013. The defendant also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

10. <u>Reservation of Allocution</u>. The Government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceedings(s) before the Bureau of Prisons all of its evidence with respect to the defendant's criminal activities.

11. The Government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

12. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

13. <u>Waiver of Certain Rights</u>. The defendant understands that by pleading guilty, he relinquishes certain constitutional rights – including the right to a jury trial – as well as the right to appeal and the right to collaterally attack his conviction. Additionally, the defendant acknowledges and agrees that the Court has jurisdiction and authority over this case and that it has the right to impose any sentence within the statutory maximum set for the offenses to which the defendant pleads guilty. The defendant also waives any challenges to his plea based upon statute of limitations.

14. <u>Government Concessions</u>. In exchange for the defendant's guilty plea, the Government agrees to recommend a two-level adjustment for acceptance of responsibility and a one-level adjustment for assisting authorities pursuant to U.S.S.G. § 3E1.1 based upon the defendant's recognition and timely acceptance of personal responsibility. The Government, however, will not be required to make these recommendations if any of the following occurs: (1) defendant fails or refuses to make a full, accurate, and complete disclosure to this office or the probation office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) defendant is found to have misrepresented facts to the Government prior to entering into this plea agreement; (3) defendant commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official; or (4) defendant fails to comply with any terms of this plea agreement.

15. Also, subject to other paragraphs in this agreement, the Government agrees not to bring any additional criminal charges against the defendant for the criminal activity outlined in the attached Statement of the Offense. This agreement not to prosecute the defendant does not extend to crimes of violence. It is understood that the United States has no evidence, as of the date of the agreement, of any crimes of violence involving the defendant.

16. <u>Breach of agreement</u>. Defendant agrees that if he fails to comply with any of the provisions of this plea agreement, including the failure to tender such plea agreement to the Court, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the defendant's release (for example, should the defendant commit any conduct after the date of this agreement that would form the basis for an increase in the defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court – the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if

any, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

17. In the event of a breach of this plea agreement, any such prosecution of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. The defendant knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

18. <u>Fraud Section, Criminal Division of the United States Department of Justice and United States Attorney's Office for the District of Columbia Bound</u>. The defendant understands that this agreement is binding only upon the Fraud Section, Criminal Division of the United States Department of Justice and the United States Attorney's Office for the District of Columbia. This agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

19. <u>Complete Agreement</u>. No other agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, the defendant's counsel, and the Government.

> STEVEN A. TYRRELL
> Acting Chief, Fraud Section
> Criminal Division
> United States Department of Justice
>
> By: _/s/ Hank Bond Walther_
> HANK BOND WALTHER
> Trial Attorney
> Fraud Section, Criminal Division
> United States Department of Justice
> 1400 New York Avenue, NW
> Washington, D.C. 20005
> (202) 257-6176

                    JEFFREY A. TAYLOR
                    United States Attorney
                    In and for the District of Columbia

By:    _____
       MICHAEL K. ATKINSON
       Assistant United States Attorney
       United States Attorney's Office
       555 4th Street, NW
       Washington, D.C. 20530
       (202) 616-3702

Acceptances:

    I have read this plea agreement and discussed it with my attorney Steven Gruel, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in connection with this plea agreement and matters related to it.

Date: DEC. 27, 2006

David Villongco

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: December 27, 2006

_____
Steven Gruel, Esq.
Attorney for the Defendant