HONORABLE RICHARD W. ROBERTS, UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>07-CR-009</u> |
| | : | |
| vs. | : | ( |
| | : | |
| VILLONGCO, David | : | Disclosure Date:  <u>January 31, 2008</u> |

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the
Presentence Investigation Report (PSR) in the above-entitled case.  The undersigned
further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
    (  )    There are no material/factual inaccuracies therein.
    (  )    There are material/factual inaccuracies in the PSI report as set forth in the
        attachment herein.


_____          _____
Prosecuting Attorney                                                         Date
#### For the Defendant
(CHECK APPROPRIATE BOX)
    (  )    There are no material/factual inaccuracies therein.
    ( ✓ )    There are material/factual inaccuracies in the PSI report as set forth in the
        attachment.  *letter dated*
               *2/13/08*

_____          _____
Defendant                            Date                     Defense Counsel              Date
                                                                                   2/14/08

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material
inaccuracies or disputes in writing by <u>February 14, 2008</u>, to U.S. Probation Officer <u>Renee
Moses-Gregory</u>, telephone number <u>(202) 565-1348</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of
the Attorney for the Government and the Defense Counsel to provide each other with a
copy of the objections at the same time the objections are filed with the probation office.


FOR THE COURT

By:    Gennine A. Hagar, Chief
       United States Probation Officer

## *Law Offices of*
# Steven F. Gruel

*San Francisco Office*
**655 Montgomery Street, Suite 1700**
**San Francisco, California 94111**
**Telephone: (415) 989-1253**
**attystevengruel@sbcglobal.net**

*Los Angeles Office*
**255 South Grand Avenue, Suite 2708**
**Los Angeles, California 90012**
**Telephone: (213) 625-1703**

*VIA E-MAIL & U.S. MAIL*

February 13, 2008

Renee Moses-Gregory
United States Probation Officer
333 Constitution Avenue, N.W.

Re:    *United States v. David Villongco*
       **Presentence Investigation Report, Docket No. Cr- 07-009**

Dear Ms. Moses-Gregory:

David Villongco and I have received the Presentence Investigation Report ("PSR") regarding the above case. We have also received and reviewed the government's February 13, 2008 letter regarding the PSR. We have identified the following material/factual inaccuracies:

**Page 1:** We agree with the government's letter that the initial appearance was March 16, 2007.

**Page 4; paragraph 4:** On March 16, 2007, at the time of his plea of guilty, Mr. Villongco paid $150,000.00 to the United States Marshals. This figure constitutes the entire amount of proceeds of he obtained from his criminal actions in this case.

**Page 7; paragraph 26:** We agree with the government that the 2 point enhancement under USSG 2B1.1(b)(9)(B) does not apply for the reasons mentioned by the government.

**Page 7; paragraph 27:** Mr. Villongco did not derive more than $1,000,000 in gross receipts from this offense. The government agrees with this conclusion and, accordingly, this enhancement is not in the guideline calculation. Mr. Villongco only received $150,000.00 from this offense. The March 16, 2007 payment to the United States

1

Marshals reflects the entire amount Mr. Villongco received. Thus, 2 point enhancement under USSG 2B1.1(b)(13)(A) does not apply.

**Page 8; paragraph 31:**  Based on the above and the plea agreement, this figure should be 27.

**Page 8; paragraph 34:**  Based on the above and the plea agreement, this figure should be 24.

**Page 9; paragraph 43:**  Christopher Villongco's age at the time this report was written is 21 years old (not 22). Christopher's internship is in mechanical engineering, not chemical engineering.

**Page 11; paragraph 55:**  Spelling correction is needed. The language should be Tagalog, not Pagalog.

**Page 12; paragraph 59:**  Mr. Villongco forgot to add $100 monthly expenses for charitable pledges or donations.  Please add this amount to the monthly cash flow expense.

**Page 15; paragraph 77:**  The internet service is a *necessity*.  One of Mr. Villongco's two sons lives at home. He commutes to school everyday. He needs internet access for his homework and school activities.

**Page 15; paragraph 78:**  Mr. Villongco agrees that he does not have ability to pay a fine and believes that community service is an acceptable substitution.  Further, Mr. Villongco has paid back to the federal government the amount of money he received from this fraud -- $150,000.00.   The plea agreement does not state or require any restitution payment.  Because of his immediate cooperation with the government, including the immediate payment of the $150,000.00, Mr. Villongco requests that pursuant to 18 USC 3664(h) the loss to the ExIm Bank be apportioned among all the defendants to reflect the level of each contribution to the federal bank's loss.

**Page 16; paragraph 80:**  Pursuant to the plea agreement, the total offense level should be adjusted to 24. The guideline range for imprisonment should be adjusted to 51-63 months.

**Page 17; paragraph 94:** The fine range should be based upon the offense level of 24, not 28 for the reasons stated above as well as in accordance with the plea agreement.

**Page 18; paragraph 96 and 97:**  Mr. Villongco has paid the federal government back the amount of money he received from his participation in this fraud -- $150,000.00. The plea agreement does not state or require any restitution payment.  Because of his limited role in this case and his immediate cooperation with the government, including the payment of the $150,000.00 which reflects what he received from the victim, Mr. Villongco submits that pursuant to 18 USC 3664(h) that the loss to the ExIm Bank be

2

apportioned on a basis of the liability among the defendants so as to reflect the level of his contribution to the federal bank's loss.  Further, because the federal government is the "victim" in this case, Mr. Villongco believes that his payment of $150,000.00 should also offset any restitution ordered by the Court.

Sincerely,

Steven F. Gruel
Attorney for David Villongco

cc.  David Villongco
     Hank Walther, Trial Attorney, U.S. Dept. of Justice
     Michael Atkinson, AUSA

3