

U.S. Department of Justice

Criminal Division

_Washington, D.C. 20530_

February 13, 2008

**VIA FACSIMILE (202-273-0242)**

FILED

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Renee Moses-Gregory
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 2001

    Re:    *United States v. David Villongco,*
            **Presentence Investigation Report, Docket No.: CR-07-009**

Dear Ms. Moses-Gregory:

    The Government has received the Presentence Investigation Report ("PSR") regarding David Villongco and has identified the following material/factual inaccuracies:

    **Page 1, Release Status:** The PSR erroneously states that the defendant appeared for an initial appearance on March 23, 2007. His initial appearance took place on March 16, 2007.

    **Page 2, Related Cases and paragraph 17:** The "Related Cases" section on page 2 and paragraph 17 erroneously reference United States v. Robert Delgado as a related case. While the Delgado case involves similar conduct, it is not related to United States v. Villongco.

    **Paragraph 4:** Paragraph 4 erroneously states that the $150,000 forfeiture payment "will be paid at the time of the guilty plea." This forfeiture payment was already made on March 16, 2007, at the time of defendant's plea.

    **Paragraph 26:** Paragraph 26 erroneously applies a two-level enhancement under USSG § 2B1.1(b)(9)(B) based on a substantial part of the fraudulent scheme being committed outside of the United States. As detailed in the Information and Statement of the Offense, the majority of the fraud in this case occurred in the United States. The fraudulent shipping documents were prepared in the United States, the false representations were made by individuals living in the United States (Villongco and Tirona), the false representations were communicated to United States lending banks and the Ex-Im Bank of the United States, and the fraudulent proceeds were transferred from the United States lending banks to a bank account maintained by Villongco and Tirona in the United States. The fact that one of the co-conspirators who was directing Villongco and Tirona lived in the Philippines and that most of the fraudulent loan proceeds were eventually transferred to accounts maintained in the Philippines does not rise to the level of a "substantial

part" of the fraud occurring outside the United States. Accordingly, a two-level enhancement under USSG § 2B1.1(b)(9)(B) is not warranted.

**Paragraph 81:** Paragraph 81 erroneously states that other than facilitating an adjustment for acceptance of responsibility, the plea agreement does not impact the calculation of the guidelines. If the Probation Office continues to maintain its position that a two-level enhancement applies under USSG § 2B1.1(b)(9)(B) for a substantial part of the fraudulent scheme being committed outside of the United States, this paragraph should note that the plea agreement does not provide for such an enhancement.

**Paragraph 97:** Paragraph 97 erroneously states that restitution in this case is $1,929,411.90. Based upon the Victim Impact Statement supplied by the Ex-Im Bank, the correct restitution amount is $14,284,652.78.

If you have any questions or need additional information, please let me know. As always, thank you for your assistance in this matter.

Truly yours,

STEVEN A. TYRRELL

Hank Bond Walther
Trial Attorney, U.S. Department of Justice

cc:   Michael Atkinson, Esquire (via facsimile - 202-307-2304)
      Steven Gruel, Esquire (via facsimile - 415-576-1442)